**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Joel M. Cohen
Direct: +1 212.351.2664
Fax: +1 212.351.5264
JCohen@gibsondunn.com

Client: 65461-00001

June 4, 2019

BY ELECTRONIC FILING

Hon. Elizabeth A. Wolford
United States District Judge
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

Re:   *SEC v. Robert C. Morgan*, 19 Civ. 661 (EAW)
       *United States v. Robert Morgan*, 18-CR-108-EAW

Dear Judge Wolford:

We write to update the Court on the status of Mr. Morgan's efforts to obtain retained counsel for the above-referenced criminal matter. During the initial criminal conference before Magistrate Judge Schroeder last week on May 29, that Court ordered that by next Monday, June 10, retained criminal trial counsel for Mr. Morgan file a notice of appearance. As your Honor is scheduled to hear argument on the SEC's motion for a temporary restraining order, preliminary injunction, asset freeze, receiver, and other emergency relief tomorrow, and the Securities and Exchange Commission's ("SEC") and Department of Justice's ("DOJ") positions with respect to Mr. Morgan's assets and properties directly affect Magistrate Judge Schroeder's June 10 date, we write now to apprise you of the untenable position imposed by the circumstances in the hope that it can be addressed tomorrow.

The Court has scheduled argument on June 5 on the SEC's emergency application which seeks, among other relief, to freeze Mr. Morgan's assets, including "any distributions to [Mr.] Morgan from the proceeds" of "sales of assets owned by [Mr.] Morgan's companies to third parties," notwithstanding any evidence that those assets are tainted by fraud. SEC Reply at 8. As the SEC acknowledged during the Court's May 22, 2019 conference, its timing was not "coincidental" and rather intended to occur the same day as the DOJ's arraignment of Mr. Morgan on separate criminal charges. Conference Tr. 15:16–20, *SEC v. Morgan, et. al* (W.D.N.Y. May 22, 2019). The DOJ's Superseding Indictment against Mr. Morgan identified twelve properties[1] (the "Real Properties") for forfeiture. While the SEC

---

[1] The properties identified are known as Rugby Square, Morgan Ellicott Apartments, Amherst Gardens Apartments, Avon Commons, Rochester Village Apartments, The Reserve at Southpointe, Eden Square

**GIBSON DUNN**

Hon. Elizabeth A. Wolford
June 4, 2019
Page 2

apparently is not seeking relief categorically preventing or limiting the sales of any assets owned by Mr. Morgan, SEC Reply at 8, it is seeking to prevent Mr. Morgan from using the proceeds of such sales for any purpose, including to retain counsel. *Id.* Astoundingly, the SEC asserts that Mr. Morgan can only use his money to pay his lawyer if **he affirmatively establishes** "that the assets are not traceable to fraud." *Id.* (citation omitted). In sum, the collective actions and threats communicated by the DOJ and SEC would effectively prevent Mr. Morgan from making necessary financial arrangements to retain criminal counsel, to defend against a just-charged 114-count indictment in which we understand they will produce over a million documents.

Just prior to Mr. Morgan's arraignment before Magistrate Judge Roemer on May 22, 2019 (which occurred several hours before the SEC appeared before Your Honor), the DOJ shared with us orally that the DOJ was considering whether to pursue pretrial asset forfeiture and/or freeze actions affecting Mr. Morgan, depending on the outcome of the SEC's application for emergency relief. Then, in a May 28, 2019 letter (enclosed), the DOJ asserted that Mr. Morgan may have an interest in some of the Real Properties and that Title 18, United States Code Section 2232 prohibits, among other conduct, knowingly taking action that interferes with the forfeiture of a property for the purpose of preventing or impairing the government's lawful authority to seize and hold it, or impairing the Court's jurisdiction over it. Yesterday, we requested clarification from the DOJ by 2 P.M. this afternoon as to whether it intends to prevent the sale or transfer to a third party of any of the Real Properties, including those in which Mr. Morgan holds only a partial interest. Letter from J. Cohen (June 3, 2019) (enclosed). We did not hear back from the DOJ. However, we have been made aware this afternoon of at least one instance where the DOJ has expressed to a third party involved in a proposed transaction that it will only agree to a sale of a Real Property if all net proceeds of the Real Property are held in escrow for the duration of the criminal case and the forfeiture action in *U.S. v. Robert Morgan*. This position demonstrates that the DOJ wishes to prevent Mr. Morgan from access to funds he can obtain from property sales.

The SEC and DOJ's combined efforts, both the SEC's pursuit of a broad-ranging asset freeze, along with the uncertainty that the DOJ may pursue pretrial asset forfeiture and/or freeze actions for the Real Properties, raises serious concerns about Mr. Morgan's ability to participate in such property sales or otherwise to apply his assets to retain counsel. This implicates his Sixth Amendment right to counsel of his choice. As Mr. Morgan is required by Magistrate Judge Schroeder to identify retained criminal trial counsel by next Monday, we respectfully request a hearing on June 5 to extend Magistrate Judge Schroeder's June 10 deadline. *See* May 29, 2019 Minute Entry, *U.S. v. Giacobbe, et. al.* W.D.N.Y. May 29,

---

Apartments, the Villas of Victor, Park Place at South Park, Ellison Heights Apartments, Union Square Apartments, and the Links at Centerpointe Townhomes.

GIBSON DUNN

Hon. Elizabeth A. Wolford
June 4, 2019
Page 3

2019.  As we can address in court, given the DOJ's request for sixty days to provide discovery in the criminal case, there is no prejudice to allowing more time for Mr. Morgan to retain counsel, for the Court to decide the SEC's motion, and hopefully for both government agencies to appropriately limit their current and threatened asset and property restraint actions to allow counsel to be retained.

Respectfully yours,

*[signature]*

Joel M. Cohen

Enclosure

cc: Lee A. Greenwood, Securities and Exchange Commission Counsel
    Neal Jacobson, Securities and Exchange Commission Counsel
    John D. Fabian, Assistant United States Attorney
    Douglas Penrose, Assistant United States Attorney