# Exhibit K

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Joel M. Cohen
Direct: +1 212.351.2664
Fax: +1 212.351.5264
JCohen@gibsondunn.com

Client: 65461-00001

June 19, 2019

VIA EMAIL

Mr. John D. Fabian
Mr. Douglas A. Penrose
Ms. Mary C. Kane
Mr. Richard Kaufman
Assistant United States Attorneys
United States Attorney's Office of the Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

Re:   Robert Morgan, Superseding Indictment *U.S. v. Giacobbe, et. al.* (No. 18-108 EAW)

Dear John, Doug, Richard, and Mary:

We write on behalf of our client, Mr. Robert C. Morgan, in the above-referenced action to address confusion generated by the United States Attorney's Office's (the "government") positions with respect to properties in Mr. Morgan's broader real estate portfolio. Despite the limited criminal forfeiture allegations asserted against him in the May 21, 2019 Superseding Indictment, the government has taken vague, evolving, seemingly contradictory, and extralegal positions with us and various third parties interested in purchasing properties in Mr. Morgan's portfolio.

The Superseding Indictment against Mr. Morgan in *U.S. v. Giacobbe, et al.* included three forfeiture allegations seeking, *upon conviction*, the forfeiture of "any property constituting or derived from the proceeds obtained, directly or indirectly, as a result of such offense of conviction" and sets forth *twelve* specific properties[1] subject to forfeiture (collectively, the "Twelve Real Properties").

In your May 28, 2019 letter to us, you stated that the government understood Mr. Morgan has an interest in some of the Twelve Real Properties and informed us that Title 18, United States Code Section 2232 prohibits, among other conduct, knowingly taking action for the purpose of interfering with the forfeiture of a property, purposely impairing the

---

[1]   Those twelve properties are Rugby Square Apartments, Morgan Ellicott Apartments, Amherst Gardens Apartments, Avon Commons, Rochester Village Apartments, The Reserve at Southpointe, Eden Square Apartments, Villas at Victor, Park Place at South Park, Ellison Heights Apartments, Union Square Apartments, and the Links at Centerpointe Townhomes.  Superseding Indictment at pp. 51–54, *U.S. v. Giacobbe, et al.* No. 18-108 EAW (W.D.N.Y. May 21, 2019).

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Mr. John D. Fabian
Mr. Douglas A. Penrose
Ms. Mary C. Kane
Mr. Richard Kaufman
June 19, 2019
Page 2

government's lawful authority to seize and hold it, or purposely impairing the Court's jurisdiction over it. We thereafter requested clarification as to whether the government intended to prevent the sale or transfer of any of the Twelve Real Properties, which have not been seized and, to the best of our knowledge, are not subject to a protective order restraining their transfer.

On June 5, 2019, in response to our clarification request, you wrote that the government "will allow sales" of "the indicted properties in the Superseding Indictment" "to Bona Fide Purchasers (BFP) <u>only</u> if the net proceeds . . . are placed with the United States Marshals Services (USMS) to be held in the USMS's Seized Asset Fund as the substitute 'res' for each individual property/complex." (emphasis in original). This "position" is unsupported in your letter. As there is no pre-trial restraining order issued by the Court concerning the Twelve Real Properties, we do not understand the legal basis for your purporting to direct how such sales can occur. *See* 21 U.S.C. § 853(e) ("*Upon application of the United States*, the court may enter a restraining order or injunction . . . to preserve the availability of property described in subsection (a) for forfeiture under this section . . . upon the filing of an indictment . . . charging a violation . . . for which criminal forfeiture may be ordered . . and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture") (emphasis added). We are unaware of any "application of the United States" seeking such relief, let alone any such order permitting the government's restraint of the Twelve Real Properties or any net proceeds from the sales of any of the Twelve Real Properties.

In an effort to understand your position, we spoke with those of you available on June 11, 2019 (Messrs. Fabian, Penrose and Kaufman). During that call, the government confirmed that it considered *only* the Twelve Real Properties subject to forfeiture at this time. Nonetheless, we later learned of a June 10, 2019 letter from Ms. Kane to counsel for a third party stating that the United States Attorney's Office and FBI "would oppose any such sale" of the View at MacKenzie/Colonial Gardens, a property located in York, Pennsylvania and owned by third parties and Mr. Morgan. The View at MacKenzie/Colonial Gardens is not one of the Twelve Real Properties described in the Superseding Indictment as subject to forfeiture, nor is it referenced in or related to any of the charges in the 114-count Superseding Indictment. There is no basis in law for interfering with Mr. Morgan's right to dispose of this property absent the proper showing to and ruling from the Court.

We therefore seek clarification as soon as possible about what the government means when it states it "oppose[s]" any sale of the View at MacKenzie/Colonial Gardens (which is outside the Superseding Indictment) and how this comports with the government's nearly

# GIBSON DUNN

Mr. John D. Fabian
Mr. Douglas A. Penrose
Ms. Mary C. Kane
Mr. Richard Kaufman
June 19, 2019
Page 3

simultaneous statement that it was limiting its forfeiture claims to the Twelve Real Properties.

It is critical that the government promptly provide its clear position on the sale of real property, the use of proceeds from such sales, and the legal basis for its position. The government's vague, unsupported, and seemingly contradictory statements to Mr. Morgan and third parties have interfered with Mr. Morgan's and various third parties' rights to enter into contracts and dispose of property to which the government has made no claim nor sought the required intervention of the Court. As you know, Mr. Morgan has been discussing transactions with many potential buyers interested in purchasing properties in his valuable portfolio. These sales will generate proceeds for many stakeholders, including financial institutions and investors within the Western District of New York and elsewhere. The government's confusing statements to date are unjustifiably and needlessly chilling transactions, limiting the ability of these other stakeholders to obtain repayment or the benefit of these sales. The government's varying statements and positions also continue to needlessly becloud Mr. Morgan's Sixth Amendment right to choose and pay for criminal counsel with the proceeds generated through the lawful sale of properties. The government's threats to "oppose" even sales of properties unrelated to the charges against Mr. Morgan, without any legal basis to do so, generates the specter that, at any time during the pendency of the criminal case, the government may opt to "oppose" without legal basis additional transactions necessary to generate funds for his legal defense or other critical needs.

We know that third parties to proposed time-sensitive transactions, and their counsel, have been asking for clarity directly from the government with little success. Given these circumstances, it is imperative that the government clear up the confusion that it has created in recent weeks. We ask for your response as soon as possible, and no later than Friday, June 21 at 10:00 am ET.

Very Truly Yours,

Joel M. Cohen

Cc:   Lee G. Dunst
      Caitlin S. Walgamuth