# Exhibit O

1

```
                        UNITED STATES DISTRICT COURT

                        WESTERN DISTRICT OF NEW YORK


- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA    )    18CR108 EAW
                            )
vs.
                                 Rochester, New York
FRANK GIACOBBE, PATRICK
OGIONY, KEVIN MORGAN, TODD
MORGAN, ROBERT MORGAN &
MICHAEL TREMITI             )    June 25, 2019
         Defendants.             4:30 p.m.
- - - - - - - - - - - - - - X
```

**STATUS CONFERENCE VIA TELEPHONE**

```
                     TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE ELIZABETH A. WOLFORD
                  UNITED STATES DISTRICT JUDGE


                     JAMES P. KENNEDY, JR., ESQ.
                     United States Attorney
                     BY: JOHN D. FABIAN, ESQ.
                         DOUGLAS A. PENROSE, ESQ.
                         MARY C. KANE, ESQ.
                     Assistant United States Attorneys
                     138 Delaware Avenue
                     Buffalo, New York 14202
                     Appearing via telephone


                     PATRICK J. BROWN, ESQ.
                     Losi & Gangi
                     147 Linwood Avenue
                     Buffalo, New York 14209
                     Appearing via telephone




COURT REPORTER:   Karen J. Bush, Official Court Reporter
                  Karen_bush@nywd.uscourts.gov
                  100 State Street
                  Rochester, New York 14614
```

2

USA VS R. MORGAN, ET AL.

CONTINUING APPEARANCES

DAVID ROTHENBERG, ESQ.
Rothenberg Law
45 Exchange Boulevard, Suite 800
Rochester, New York 14614
Appearing via telephone on behalf of Defendant T. Morgan
Appearing via telephone

JOEL M. COHEN, ESQ.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166-0193
Appearing via telephone on behalf of Defendant R. Morgan
Appearing via telephone

DONALD M. THOMPSON, ESQ.
16 West Main Street, Suite 243
Rochester, New York 14614
Appearing on behalf of Defendant M. Tremiti
Appearing via telephone

P R O C E E D I N G S

\*       \*       \*

THE COURT: Good afternoon, everyone. Can you hear me okay. It's Judge Wolford.

MR. BROWN: Pat brown, I can hear you fine, Judge.

MAGISTRATE JUDGE SCHROEDER: It's good to hear, Pat. So I'll go through with appearances. We're on the record. We're here in the matter of the United States versus

```
1                    USA VS R. MORGAN, ET AL.
2    Robert Morgan, et. Al, 18CR108.  I scheduled this call because
3    of the letter that I received from Mr. Cohen dated June 25th,
4    2019.  I understand, though, my Chambers sent the call in
5    information to all parties involved in the case and you're
6    welcome to participate, but the purpose of this call was to
7    address the issues that Mr. Cohen raised in his letter to me
8    dated June 25th, 2019.  Go ahead.
9                    MR. BROWN:  I didn't plan on actively
10   participating, I wanted for informational purposes wanted to
11   listen in if I could, because my client has an interest in some
12   of the properties.
13                   THE COURT: ' That's totally fine.  Pat Brown is
14   here on behalf of -- the first name of your client?
15                   MR. BROWN:  Kevin Morgan.
16                   THE COURT:  Kevin Morgan.  And Mr. Rothenberg,
17   you're here on behalf of.
18                   MR. ROTHENBERG:  Todd Morgan, your Honor.
19                   THE COURT:  Todd Morgan.  Mr. Cohen, you're on the
20   phone on behalf of Robert Morgan.
21                   MR. COHEN:  Yes, your Honor.
22                   THE COURT:  And, Mr. Thompson, you're on the phone
23   -- who is your client?
24                   MR. THOMPSON:  Mike Tremiti.
25                   THE COURT:  Is there any other defense counsel who
```

1                         USA VS R. MORGAN, ET AL.
2    are on the call?  No?  Okay.  And then on behalf of the
3    government, we have John Fabian, Doug Penrose, and Mary Kane,
4    correct?
5                   MS. KANE:  Correct.
6                   THE COURT:  So I have Mr. Cohen's letter dated
7    June 25th, 2019.  I also then have the -- I'm sorry, Mr.
8    Cohen's letter is dated June 21, 2019.  And I then have Ms.
9    Kane's letter dated June 25th, 2019.  I guess, Mr. Cohen, my
10   question for you is what are you asking me to do at this point?
11                  MR. COHEN:  Your Honor, thank you.  We're asking
12   for, specifically, for two forms of relief.  One in which we
13   tried to outline in the letter, and the other arises in part to
14   the letter Ms. Kane submitted this morning.  The first, which
15   is a more recent request, we're asking the Court to order
16   discovery from the government for communications with third
17   parties about property restraint in this case in order to
18   understand what they said in writing or otherwise to third
19   parties about properties, about whether they can be sold, about
20   how they can be sold, about where the properties can go, which
21   we think is necessary in order to remediate some of the harm
22   that has occurred.  That is the more recent request, your
23   Honor, which we did not mention in the letter on Friday because
24   there was additional concerns raised by Ms. Kane's letter we
25   hope to address today that we think necessitate and justify an

5

1                    USA VS R. MORGAN, ET AL.
2    order of discovery.  The other form of relief, your Honor, and
3    we ask and we see from Ms. Kane's letter that the government
4    intends to abide by this, its intent no longer, if I understand
5    correctly, and Ms. Kane can correct me if I'm wrong, they no
6    longer intend to engage in discussions with third parties on
7    the issue of property restraints or their views or opinions or
8    answering questions about that process, which, voluntarily,
9    would alleviate concerns going forward.  But we think, in
10   addition to discovery, for there to be a statement either from
11   the government or from the Court that in this action no
12   properties that Mr. Morgan or any of the codefendants have an
13   ownership interest in have been lawfully restrained or seized
14   by the government, and that there is nothing in the superseding
15   indictment that or any of the prior charges in this case or the
16   or the related cases that can be interpreted to prevent sales
17   of assets owned the defendants unless there a court order in
18   the future stating otherwise.  And that relates to the
19   discovery requests because there seems to be communications
20   with many third parties which have brought up the issues
21   whether transfers can occur and have communicated *de facto*
22   there is some sort of restraint or risk involved in
23   participating in a transaction.  The government has shared its
24   objections and it's opposition to the sale of properties,
25   including ones that are not even listed among the properties

1                     USA VS R. MORGAN, ET AL.

2    that are enumerated in the superseding indictment, which is the

3    only place Mr. Robert Morgan has been charged.  So, for reasons

4    we can get into in further detail, I don't want to, because you

5    asked me to summarize, that is the forms of relief, an order

6    stating, at your Honor's discretion, of course, and also an

7    order requiring the government to turn over discovery of the

8    communications in connection with the efforts its been making

9    since the indictment was brought with respect to the restraint

10   or sale of properties.

11             THE COURT:  Thank you, Mr. Cohen.  I take it, from

12   the government's perspective, you are opposed to the relief

13   that Mr. Cohen is requesting?

14             MS. KANE:  Yes, your Honor.  We would ask Mr.

15   Cohen to file a pretrial motion and cite authority for his

16   request, his new request by asking the Court to order discovery

17   of communications that we have had with third parties who

18   contacted us regarding pending sales of certain Morgan

19   properties.

20             THE COURT:  Ms. Kane, I have your letter here in

21   front of me.  A couple of points of clarification that I think

22   just should be made for the record.  First of all, on your

23   first page, you indicate that I directed Mr. Cohen to,

24   apparently, file an application with respect to the attorneys'

25   fees at the conclusion of the SEC argument, and that is just

```
 1                    USA VS R. MORGAN, ET AL.
 2    not consistent with what happened.  And I went back and looked
 3    at the transcript.  The only issue that was raised at the SEC
 4    appearance was with respect to Mr. Cohen's request to me to
 5    amend the deadline that Judge Schroeder had set for appearance
 6    of counsel.  And I indicated that any application to change
 7    that deadline should be made to Judge Schroeder.  I did not
 8    direct Mr. Cohen to do anything with respect to that, let alone
 9    to make an application about what assets were available for --
10    to pay attorneys' fees.  I'm not clear on why you would have
11    thought differently.
12              MS. KANE:  Your Honor, I thought that when, at the
13    end of the SEC hearing, that that subject matter came up
14    regarding his appearance and attorneys' fee, and that that
15    support indicated that that was a motion that was better placed
16    before the magistrate judge.
17              THE COURT:  No, that is not correct.  Just be
18    clear, let me be clear.  It wasn't at the end of the hearing,
19    first of all, and it was with respect to Mr. Cohen submitting a
20    letter to me asking to change a deadline in an appearance that
21    was set in front of Judge Schroeder.  I want the record to be
22    clear about that.  The other question I have for you, Ms. Kane,
23    is in, I guess, on your fifth page, right before the heading
24    that begins "Restraining Order," you indicate, "The government
25    as of the date of this letter will agree to cease any
```

| | |
|---|---|
| 1 | USA VS R. MORGAN, ET AL. |
| 2 | discussions as to reaching any type of agreement as to this |
| 3 | category of properties unless further litigation is commenced." |
| 4 | Could you explain to me what you mean by that?  By this |
| 5 | category of properties, you're referring to the properties that |
| 6 | are not referenced in the indictment? |
| 7 | MS. KANE:  Yes, I am, the unindicted properties. |
| 8 | THE COURT:  And so, in other words, what I'm |
| 9 | gleaning from this is that the government has received a number |
| 10 | of inquiries from individuals with respect to the sale of, I |
| 11 | guess, both the indicted, but more specifically, the unindicted |
| 12 | properties, and in some respects has attempted to provide, I |
| 13 | guess, informal responses to these inquiries.  And what you're |
| 14 | saying is, basically, you're going to stop that as of this |
| 15 | date.  Is that a fair characterization? |
| 16 | MS. KANE:  Yes. |
| 17 | THE COURT:  Okay.  Here is my take on this.  I, |
| 18 | first of all, Mr. Cohen, I don't know if I have the authority |
| 19 | to or what the basis for my authority would be to either order |
| 20 | discovery or to issue some type of order giving any kind of |
| 21 | assurance or reassurance to individuals who are in the process |
| 22 | of exploring the purchase of these properties.  I think this is |
| 23 | better dealt with in the way of a formal motion as opposed to |
| 24 | just a letter being written.  I think I understand why Mr. |
| 25 | Morgan is concerned.  I understand why there is some cause for |

```
1                    USA VS R. MORGAN, ET AL.
2    complaint over the government.  I mean, it's one thing for the
3    government to take the position that it's not going to take a
4    position with respect to the sale of property, but, for
5    instance, for Ms. Kane to state in her letter, I guess it was
6    dated June 10, 2019, that the government's objecting to the
7    sale of some property that, at least at this point in time, is
8    not part of the indictment and is not part of any active
9    litigation.  I think it's understandable why there is a concern
10   about that.  But for me to provide any kind of affirmative
11   relief with respect to this, I need to have briefing.  I need
12   to have an appearance.  We can have oral argument on it.  But I
13   just don't see how I'm going to resolve this with a letter
14   being submitted and the government submitting a letter in
15   response contesting the request for relief.
16                  So, I didn't mean to render everybody speechless
17   in that regard, but that is my reaction to it.  So, let me put
18   it this way.  Mr. Cohen, if you want to file a formal motion,
19   you're obviously free to do that.  I will say this, I've gotten
20   involved enough at this point in the property, including in
21   connection with my handling of the SEC matter, so if a motion
22   related to the property is filed, frankly, either by the
23   government or by Mr. Cohen, I want it filed and directed to me
24   as opposed to going to the magistrate judge for a Report and
25   Recommendation.  But other than that, at this point in time, I
```

1                    USA VS R. MORGAN, ET AL.
2    don't see I'm in a position to grant any kind of affirmative
3    relief one way or the other.  Does anybody have any questions
4    about that?  I guess I'll start with you, Mr. Cohen.
5               MR. COHEN:  Your Honor, no.  We understand your
6    viewing and we will take appropriate steps to follow that.
7               THE COURT:  Any questions from the government?
8               MS. KANE:  No, your Honor.
9               THE COURT:  Okay.  Any questions from any of the
10   other defense attorneys?
11              MR. ROTHENBERG:  Only one question, Judge, this is
12   David Rothenberg speaking.  I don't think I received a copy of
13   the government's letter.  How is that letter transmitted?
14              THE COURT:  It was sent by e-mail.  Does the
15   government have any objection to filing this on the docket?
16              MS. KANE:  No, your Honor.
17              THE COURT:  Okay.  Ms. Kane, if you could go ahead
18   and arrange to file that on the docket so everybody has a copy
19   of it, that would be helpful.
20              MR. ROTHENBERG:  And I would request, your Honor,
21   if going forward if any party wishes to contact the Court about
22   some matter related to the case, I would request that that
23   letter be copied to all counsel, not just whichever particular
24   party is immediately involved in that the dispute.
25              THE COURT:  That is a fair request.  I'm sure Ms.

```
 1                      USA VS R. MORGAN, ET AL.
 2    Kane was in a rush to get it to me because we had this
 3    telephone call that was scheduled in short order.  But I would
 4    ask everybody, if you're sending something to the Court, make
 5    sure you copy all of the parties.  Although, I mean, I'm not
 6    sure the parties who have entered plea agreements need to be
 7    copied on matters, unless, Mr. Brown, you want to be copied on
 8    everything.
 9                 MR. BROWN:  Judge, the short answer, I guess, is
10    no.  It seems to me that the way we've been going on here, if
11    something comes into the Court, it eventually makes it to the
12    docket anyway.  So I'm satisfied with the way we've proceeded.
13                 THE COURT:  I'm not clear on what Judge
14    Schroeder's personal preference is.  I know there are some
15    judges in this district that refuse to have letters on the
16    docket.  I actually prefer them to be on the docket, because I
17    think it makes the record clearer.
18                 MR. BROWN:  I have no complaints to the way we've
19    been proceeding thus far.  I recognize that we pled, so my
20    interest in being on the call today was just because it
21    involved these properties that he has some interest in.  Other
22    than that, I'm good to go.
23                 THE COURT:  Okay.  All right.  Anything else from
24    anybody?
25                 MR. ROTHENBERG:  No, your Honor.
```

1              USA VS R. MORGAN, ET AL.

2              THE COURT:  Everybody have a good afternoon.

3              MR. ROTHENBERG:  Thank you.

4              MS. KANE:  Thank you.

5                          *   *   *

6                    CERTIFICATE OF REPORTER

7

8     I certify that the foregoing is a correct transcript of the

9     record of proceedings in the above-entitled matter.

10

11    S/ Karen J. Bush,   RPR

12
      Official Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25