UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

THE UNITED STATES OF AMERICA,    :

v.                                         :        18-CR-108-EAW

ROBERT C. MORGAN,                 :

                   *Defendant.*       :

------------------------------------------------------------x

## MOTION FOR EXPEDITED HEARING

Pursuant to Local Rule of Criminal Procedure 12(f) and Local Rule of Civil Procedure 7(d)(1), Defendant Robert C. Morgan ("Mr. Morgan") respectfully requests that the Court consider, on an expedited basis, Mr. Morgan's Motion for an order confirming the lack of pretrial restraint on Mr. Morgan's property and enjoining the government against further unlawful restraint.

In support of this motion, Mr. Morgan states as follows:

## BACKGROUND

The United States Attorney's Office for the Western District of New York (the "government") has failed to take the statutorily-required steps to lawfully restrain or seize a property subject to forfeiture. Despite its lack of lawful authority, the government has assumed on its own the Court's exclusive authority to determine whether properties may be restrained pretrial. In pursuit of this, it has confused third parties into negotiating proposed side deals that would restrain Mr. Morgan's property and deprive him of the proceeds he may need to defend

1

against this very action and for other essential purposes. *See* Cohen Decl. ¶¶ 7–9, Exs. C–F; ¶¶ 14–15, Exs. I–J.

The government's actions have caused significant harm to Mr. Morgan and third parties. Its extralegal acts have already stymied many significant property transactions underway before it indicted Mr. Morgan, as lenders, buyers, sellers, title insurers and counsel understandably fear adverse government action unless they transact on the government's terms. *Id.* at ¶¶ 24-26. As the government refuses to clarify publicly that it has no legal entitlement to restrain Mr. Morgan's assets pretrial, *id.* at ¶¶ 22–23, Ex. Q, those fears remain and will continue to affect chill transactions until the Court acts.

## **ARGUMENT**

Local Rule of Criminal Procedure 12(f) governs motions for expedited consideration. Although "[t]he Court does not have a separate 'expedited' calendar,'" where a party demonstrates the "need and desire to have [a] case decided quickly," expedited relief is warranted. *Gordon* v. *Herron*, 2010 WL 10836671, at *2 (W.D.N.Y. Aug. 13, 2010) (citation omitted).

Good cause exists here for such expedited relief because the government's actions to date and its refusal to publicly confirm it has no legal entitlement to restrain any property have unjustifiably chilled the ability of Mr. Morgan and third parties to contract freely. Until the Court issues an order confirming that there is no lawful pretrial restraint of properties at this time in which Mr. Morgan has an interest and that only the Court can order one, and enjoins the government from its continued misstatements, absent such court order, transactions will continue to adversely affected or thwarted and both Mr. Morgan and third parties will continue to lose the opportunity to obtain repayment and the benefit of business transactions.

## CONCLUSION

For the foregoing reasons, Mr. Morgan respectfully requests that the Court grant his motion for an expedited hearing of his Motion for an order confirming the lack of pretrial restraint on Mr. Morgan's property and enjoining the government against further unlawful restraint. Mr. Morgan proposes the following schedule for the Court's consideration: the government has until Monday, July 8, 2019 to file and serve responding papers; Mr. Morgan has until Monday, July 15, 2019 to file and serve its reply papers; and a hearing on the motion to be scheduled at the Court's convenience on or after Thursday, July 18, 2019.

Dated: June 28, 2019
        New York, New York

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joel M. Cohen
    Joel M. Cohen
    Lee G. Dunst
    Caitlin S. Walgamuth

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
JCohen@gibsondunn.com

Attorneys for Defendant Robert C. Morgan

## CERTIFICATE OF SERVICE

I certify that on June 29, 2019, I filed the foregoing Motion for an Expedited Hearing using the Court's CM/ECF filing system. Notice of this filing will be transmitted to all counsel of record who are registered users of the Court's electronic case filing system.

/s/ Joel M. Cohen
Joel M. Cohen