IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                                                                     18-CR-00108-W

ROBERT MORGAN, et al.

                        Defendants.

_____

**MOTION FOR INTERLOCUTORY SALE OF PROPERTY**

**(Request for Expedited Hearing Filed under Separate Cover)**

The United States of America, by James P. Kennedy, Jr., United States Attorney, Mary Clare Kane, Assistant United States Attorneys, of counsel, hereby moves pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") for an order authorizing the immediate interlocutory sale of 9000 Old Station Road, Cranberry, Pennsylvania and known as Eden Square (hereinafter "Eden Square") real property that is subject to forfeiture in the criminal case, *United States v. Robert Morgan et al*, 18-CR-108-EAW (W.D.N.Y. 2018). Pursuant to Local Rule 12(f) the government, under separate cover, requests that this motion be heard on an expedited basis. In support of its motion, the Government says the following:

A. **Factual Background**

On May 21, 2019, a federal grand jury returned a Superseding Indictment charging Robert Morgan, Frank Giacobbe, Todd Morgan and Michael Tremiti (the "Defendants") with violations of Title 18, United States Code, Sections 1343, 1344, 1349 and 2 as well as Title 18, United States Code, Section 1956(h). Indictment Number 18-CR-108-EAW.

The Superseding Indictment seeks the forfeiture of the proceeds of the offenses, or any property traceable thereto. Specifically, it alleges that certain real properties (the "Indicted Properties") are subject to forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1), 982(a)(1), 982(b)(1), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) in that the Indicted Properties (1) constitute or are derived from proceeds traceable to the offenses; (2) are property constituting, or derived from proceeds obtained, directly or indirectly, as a result of such offenses; and (3) are involved in the commission of an offense, specifically, Title 18, United States Code, Sections 1956(h) (Money Laundering Conspiracy). The property located at 9000 Old Station Road, Cranberry Township, Pennsylvania, known as Eden Square Apartments ("Eden Square"), a multi-family residential apartment complex, is among the Indicted Properties. On May 19, 2017, Ladder Capital Finance LLC ("Ladder") originally financed this property for $35,850,000 through a mortgage loan. Declaration of Michael DiOrio, ¶3, Exhibit A, attached hereto.

A purchase and sale agreement ("PSA") was entered into for Eden Square on May 2, 2019, by and between Cranberry Vista Apartments LLC (the "Seller") and Freshcorn Square,

DE 1 LLC and Freshcorn Square DE 2 LLC (jointly and severally, the "Purchaser"). DiOrio Declaration, Exhibit A, attached hereto. Under the PSA, the sale was for a purchase price of $38,900,000 and was scheduled to close on June 6, 2019, although that closing has not yet taken place. DiOrio Declaration ¶2. Since June 6, 2019, the mortgage loan secured by Eden Square (the "Mortgage Loan") has defaulted, and default interest and associated costs and fees continue to accrue, thereby very quickly diminishing the value of the property. As of June 30, 2019, the amount owed to Ladder has grown to $37,040,412.40 and is continuing to accrue interest at the rate of $13,145 per day. DiOrio Declaration ¶4.

### B. Discussion

Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure incorporates Supplemental Rule G (7). Rule G(7) provides when the government does not have actual possession of the defendant property the court, upon motion by a party, may enter any order necessary to preserve the value of property or to prevent its removal or encumbrance. Among other things, the Court may order the sale of a property if it is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage on which the owner is in default or the Court finds "other good cause." Rule G (7)(b). (Emphasis added). *See also, U.S. v. Dipascali*, 2010 U.S. Dist. LEXIS 145040, *11 (S.D.N.Y. June 18, 2010). The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Rule G(7)(b) (ii).

Further, Rule G(7) provides that the "[s]ale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds *must* be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." (*Emphasis added*). *See* Rule G (7)(b)(iv). Moreover, Title 18, United States Code, Section 2232 prevents a defendant from destroying, wasting, damaging, disposing, transferring, or taking any other action with respect to property that is subject to forfeiture. In this case, the Government proposes that net sales proceeds (i.e., any sum remaining after repayment of the Mortgage Loan and all other amounts due thereunder) are placed in an escrow account to be held by the United States Marshals Service (USMS), in their USMS Seized Asset Deposit Fund (SADF).

If, at the conclusion of the defendants' trial, the court orders the forfeiture of such "substitute res" (net sale proceeds), then the property will be disposed of as provided by law. Rule G (7)(c). Any claims to those net sale proceeds can then progress in an orderly fashion pursuant to the statutory provisions enacted by Congress. *See* Title 21, United States Code, Section 853(n). In other words, to the extent that Eden Square becomes subject to forfeiture later, no unwinding of the sale occurs; the net proceeds are the "substitute res" for the property itself and is therefore the only "res" subject to forfeiture.

As previously indicated, as of June 30, 2109, the original loan amount of $35,850,000 has grown to $37,040,412.40. Each additional day when the mortgage goes unpaid, another $13,145.00 is added to that amount. *See* DiOrio Declaration, ¶4. Considering the proposed

purchase price of $38,900,000, it will not take long to diminish any substantial equity in the property. This could potentially harm not only Ladder's interest, but also both the defendants, other bona fide LLC members that may be determined to comprise the ownership group of the property, the government and even the Note Investors that hold unsecured promissory notes that they loaned to the property.

An immediate interlocutory sale of Eden Square will preserve the value of Eden Square for the benefit of the government in the event of a conviction or the defendant in the event of an acquittal in the criminal case. A trial of this matter may not take place until 2020 or thereafter. Today and going forward, Eden Square's value will be diminished through the steadily accruing default interest, the Mortgage Loan lender's costs and expenses, which are the responsibility of the Mortgage Loan borrower, and by the ongoing maintenance costs of Eden Square. These additional costs and expenses are likely to consume any remaining value in Eden Square even if a sales price of $38,900,000 can be achieved.

Finally, ordering an interlocutory sale now, when a bona fide purchaser has already signed a PSA, will conserve government resources by sparing the USMS the expense of marketing and selling Eden Square in the event that the defendant is found guilty and the property is forfeited at the conclusion of the case. Accordingly, it would be in the interests of justice for the Court to order the interlocutory sale of Eden Square.

WHEREFORE, the Government now moves that the Court enter an Order granting its motion for an interlocutory sale pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure and Supplemental Rule G(7). The government also requests the opportunity to file a Reply if it deems appropriate to any response opposing this motion. A Proposed Order will be submitted to the Court, upon request.

DATED: Buffalo, New York, July 8, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

By: s/MARY CLARE KANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700 ext. 5809
Mary.Kane@usdoj.gov