IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                          18-CR-00108-EAW

ROBERT MORGAN, et al.

Defendants.

## MOTION FOR EXPEDITED HEARING ON MOTION FOR INTERLOCUTORY SALE OF PROPERTY KNOWN AS EDEN SQUARE

Pursuant to Local Rule of Criminal Procedure 12(f) and Local Rule of Civil Procedure 7(d)(1), the United States respectfully requests that the Court consider, on an expedited basis, the government's Motion for an Interlocutory Sale of 9000 Old Station Road, Cranberry, Pennsylvania and known as Eden Square (hereinafter "Eden Square") based upon the fact that the mortgage is in being in default and the equity in the property quickly diminishing its value.

### A. Factual Background

On May 21, 2019, a federal grand jury returned a Superseding Indictment charging Robert Morgan, Frank Giacobbe, Todd Morgan and Michael Tremiti (the "Defendants") with violations of Title 18, United States Code, Sections 1343, 1344, 1349 and 2 as well as Title 18, United States Code, Section 1956(h). The Superseding Indictment seeks the forfeiture of the proceeds of the offenses, or any property traceable thereto. Specifically, it alleges that certain real properties (the "Indicted Properties") are subject to forfeiture,

1

pursuant to Title 18, United States Code, Sections 981(a)(1), 982(a)(1), 982(b)(1), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) in that the Indicted Properties (1) constitute or are derived from proceeds traceable to the offenses; (2) are property constituting, or derived from proceeds obtained, directly or indirectly, as a result of such offenses; and (3) are involved in the commission of an offense, specifically, Title 18, United States Code, Sections 1956(h) (Money Laundering Conspiracy).

The property located at 9000 Old Station Road, Cranberry Township, Pennsylvania, known as Eden Square Apartments ("Eden Square"), a multi-family residential apartment complex, is among the Indicted Properties. On May 19, 2017, Ladder Capital Finance LLC ("Ladder") originally financed this property for $35,850,000 through a mortgage loan. Declaration of Michael DiOrio, ¶3. A purchase and sale agreement ("PSA") was entered into for Eden Square on May 2, 2019, by and between Cranberry Vista Apartments LLC (the "Seller") and Freshcorn Square, DE 1 LLC and Freshcorn Square DE 2 LLC (jointly and severally, the "Purchaser"). DiOrio Declaration, Exhibit A, attached hereto. Under the PSA, the sale was for a purchase price of $38,900,000 and was scheduled to close on June 6, 2019, although that closing has not yet taken place. Since June 6, 2019, the mortgage loan secured by Eden Square (the "Mortgage Loan") has defaulted, and default interest and associated costs and fees continue to accrue, thereby very quickly diminishing the value of the property. DiOrio Declaration ¶4. As of June 30, 2019, the amount owed to Ladder has grown to $37,040,412.40 and is continuing to accrue interest at the rate of $13,145 per day. DiOrio Declaration ¶4.

The government was contacted by both legal representatives of the sellers, purchasers and Ladder as to an attempt to obtain a stipulated sales agreement as to Eden Square. The discussions concerned allowing the sale of Eden Square to proceed, paying all normal and regular expenses of sale along with paying off the Ladder mortgage, and then placing the remaining net proceeds in an escrow account to be maintained by the United States Marshals Service. A series of drafts of a stipulation were circulated among the parties; however, the stipulation has yet to be finalized nor have any discussions occurred in the past two (2) weeks in an attempt to finalize the stipulation.

**B. Discussion**

Local Rule of Criminal Procedure 12(f) governs motions for expedited hearings. Although "[t]he Court does not have a separate 'expedited' calendar,'" where a party demonstrates the "need and desire to have [a] case decided quickly," expedited relief is warranted. *Gordon v. Herron*, 2010 WL 10836671, at *2 (W.D.N.Y. Aug. 13, 2010) (citation omitted).

Without the Court authorizing an interlocutory sale of Eden Square pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure (incorporating Rule G(7) of the Supplemental Rules for the Federal Rules of Civil Procedure), the accruing debt owed to Ladder will continue to grow and diminish any proceeds available for forfeiture in the event of a conviction at the conclusion of the prosecution. Conversely, in the event of an acquittal, proceeds will be not available to the defendants or other members of the LLCs who may own the property. Nor will any remaining net proceeds be available for possibility of use to

compensate the Notes Funds Investors who hold unsecured interests through their promissory notes for Eden Square.

As such, good cause exists here for such expedited relief because without the interlocutory sale of Eden Square, any equity in the property will continue to diminish quickly and that will help no interested party.

For the foregoing reasons, the government respectfully requests that the Court grant the motion for an expedited hearing for the Interlocutory Sale of Eden Square and for any other relief the Court deems just and proper.

DATED: Buffalo, New York, July 8, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

By: s/MARY CLARE KANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700 ext. 5809
Mary.Kane@usdoj.gov