```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
  UNITED STATES OF AMERICA,                   :
                                              :
              Plaintiff,                      :
                                              :
  v.                                          :    18-CR-108-EAW
                                              :
  ROBERT C. MORGAN, et al.,                   :
                                              :
              Defendants.                     :
                                              :
------------------------------------------------------------x
```

## DECLARATION OF JOEL M. COHEN

I, Joel M. Cohen, pursuant to 28 U.S.C. § 1746, declare and state as follows:

I make this declaration in support of Defendant Robert C. Morgan's ("Mr. Morgan") Opposition to the Government's Motion for the Interlocutory Sale of 9000 Old Station Road, Cranberry, Pennsylvania (hereinafter "Eden Square"). I have personal knowledge of the facts set forth in this Declaration.

I am a member of the bar of the State of New York. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and represent for the limited purpose of these Motions, Mr. Robert C. Morgan in the above-entitled criminal proceeding.

1. On June 28, 2019, Mr. Morgan filed a motion seeking an order confirming the lack of a pretrial restraint on Mr. Morgan's property and enjoining the government against further unlawful restraint (Dkt. 65) in order to address the government's interference with numerous pending real estate transactions, including the planned sale of Eden Square. In support of that motion, I submitted a declaration (Dkt. 66). All references to my June 28 declaration and

attached exhibits (Dkt. 66-1 through Dkt. 66-18) are incorporated hereto and cited pursuant to their original docket number.

2. Since at least June 3, 2019, the government has been aware of the Eden Square owners' intent to use proceeds from the proposed sale to pay off Eden Square's promissory notes to the Notes Funds in order to repay Notes Fund investors. A true and correct copy of a June 3, 2019 email from counsel for Cranberry Vista Apartments LLC, the entity that owns Eden Square, to Assistant United States Attorney Mary Kane is attached hereto as Exhibit 1.

3. Notwithstanding this information, the government advised stakeholders it would only "allow" the sale of Eden Square if all proceeds were held by the United States government until the end of all criminal and forfeiture litigation or further court order. On June 4, 2019, the day after counsel for Cranberry Vista Apartments LLC told Ms. Kane of the parties' desire to repay Notes Fund investors, Ms. Kane provided counsel for stakeholders a draft stipulation that required "the proceeds from the sale" of Eden Square "to be paid to the United States Attorney's Office for the Western District of New York" and held by the United States Marshals Service ("USMS") until the resolution of the criminal action or further court order. *See* Dkt. 66 at 3, ¶ 7; Dkt. 66-3 at 3, 5.

4. In a subsequent conversation with counsel for stakeholders on June 5, 2019, Ms. Kane refused to allow proceeds to be held in escrow with a title company, instead "insist[ing] the net proceeds be held by the USMS," *see* Dkt. 66 at 3, ¶ 8, Dkt. 66-4 at 2, and stated the "USAO will oppose" a third party claim to the Court for the release or disposition of assets held by the USMS. *See* Dkt. 66 at 3–4, ¶¶ 8–9, Dkt. 66-6 at 2.

5. The government conceded it had not filed a *lis pendens* notice on Eden Square as of June 26, 2019. *See* Dkt. 66-14 at 3; 66-17 at 4.

6. Upon information and belief, it is and continues to be the Eden Square owners' intent to use net proceeds from a sale of Eden Square to repay Eden Square's Notes Fund loans.

7. Mr. Morgan is a partial owner of the Cranberry Vista Apartments, LLC, the entity that owns Eden Square. He does not consent to the interlocutory sale of Eden Square.

8. Upon information and belief, other individuals with ownership interests in Eden Square do not consent to the interlocutory sale of Eden Square.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 15th day of July 2019 at New York, New York.

                                                  __/s/ Joel M. Cohen_____

                                                        Joel M. Cohen