UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ROBERT C. MORGAN,

           Defendant.

---

**DECISION AND ORDER**

1:18-CR-00108 EAW

Defendant Robert Morgan (hereinafter "Defendant") stands accused, by way of a Superseding Indictment returned on May 21, 2019, with conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (count 1), wire fraud in violation of 18 U.S.C. § 1343 (counts 6-10, 14, 29, 38-39, 46-47, 56-65, 68-70, 80-82), bank fraud in violation of 18 U.S.C. §§ 1344 and 2 (counts 83-90, 92-97), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (count 98), wire fraud in violation of 18 U.S.C. § 1343 (counts 100 & 111), and money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (count 114). (Dkt. 42). The Superseding Indictment identifies twelve items of real property that are alleged to be forfeitable to the United States upon conviction, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) (first forfeiture count), 18 U.S.C. § 982(a)(2) (second forfeiture count), and 18 U.S.C. § 982(a)(1) (third forfeiture count). (*Id.* at 51-57).

On June 29, 2019, Defendant filed a "Motion for Order Confirming the Lack of Pretrial Restraint on Defendant Robert C. Morgan's Property and Enjoining the Government Against Further Unlawful Restraint." (Dkt. 64; Dkt. 65; Dkt. 66). The

Government filed papers in opposition to Defendant's motion on July 12, 2019 (Dkt. 75; Dkt. 76), and Defendant filed papers in reply on July 17, 2019 (Dkt. 86; Dkt. 87; Dkt. 88). Oral argument was held before the undersigned on July 22, 2019, at which time the Court announced that Defendant's motion was denied. The Court explained some of its reasoning on the record on July 22, 2019, but the Court also indicated that a written Decision and Order would follow.[1]

With the exception of the forfeiture allegations in the Superseding Indictment, no other criminal, civil or ancillary forfeiture action related to the above-captioned proceeding is pending. *Lis pendens* were filed with respect to properties referenced in the Superseding Indictment. However, the Court has not issued any order restraining any of the properties referenced in the Superseding Indictment or any other real property owned by Defendant.[2]

---

[1] On July 22, 2019, argument was also heard on the Government's Motion for an Interlocutory Sale of one of the properties referenced in the Superseding Indictment— namely 9000 Old Station Road, Cranberry Township, Pennsylvania, known as "Eden Square Apartments" (Dkt. 70; Dkt. 71), and the Motion to Intervene and to Vacate and/or Cancel the Notice of Pendency on 59 Union LLC's Real Property, which was related to another property located at 59 Union Square Boulevard in Chili, New York, known as "Union Square Apartments" (Dkt. 77). The Court announced at the oral argument on July 22, 2019, that the Government's motion was denied without prejudice and that it would be issuing a written decision confirming its reasoning in further detail. However, the parties subsequently agreed to a sale of the Eden Square Apartments. (Dkt. 104). Therefore, the Court no longer sees the need to issue a written decision and the Clerk of Court is directed to terminate the Government's motion. (Dkt. 70; Dkt. 71). Additionally, the Court reserved decision on the motion filed by 59 Union LLC, and that motion was subsequently withdrawn as part of a resolution reached among the parties as reflected in the Stipulation and Order entered on July 26, 2019. (Dkt. 101).

[2] There is a separate civil action commenced by the Securities and Exchange Commission against Defendant and the Court entered preliminary injunctive relief in that case pertaining to the Receivership Entities as defined in the Court Order filed at Docket No. 34 in Case No. 19-CV-661.

Likewise, no seizure warrant has been issued by this Court authorizing the seizure of Defendant's properties.

Nonetheless, as set forth in further detail in the underlying papers submitted in connection this motion, the Government's language used in its communications with Defendant and third parties has, at times, incorrectly portrayed the suggestion that the Government has a legal basis to object to the transfer of property that has not been referenced in the Superseding Indictment. (Dkt. 66-8). Similarly, the Government has relied on 18 U.S.C. § 2232 in its communications with Defendant's counsel and other parties about the property referenced in the Superseding Indictment (Dkt. 66-1 at 2; Dkt. 66-4 at 2), even though that statute expressly references a person being authorized to make a seizure of property (and at this time, no person has been authorized to seize any of the property referenced in the Superseding Indictment). *See United States v. Gibbons*, 331 F. Supp. 970, 972 (D. Del. 1971) (concluding that "time element intended by the word 'before'" in the statute is necessarily limited by the subsequent language "authorized to make searches" and therefore the statute was not unconstitutionally vague), *aff'd*, 463 F.2d 1201 (3d Cir. 1972); *cf. United States v. Wall*, 285 F. App'x 675, 684 (11th Cir. 2008) (declining to reach district court's decision in *United States v. Sutley*, Criminal No. 05-00345-KD-C, 2007 WL 329148, at *6 (S.D. Ala. Feb. 2, 2007), that the defendant's conduct was covered by § 2232 where a conspiracy to transfer funds in violation of that section was charged based upon forfeiture count in indictment but no evidence was presented that person was authorized to make search or seizure).

Notwithstanding the above, the Government has made clear in response to the motion and as confirmed during the appearance on July 22, 2019, that there are no pretrial restraints or seizures by the United States against Defendant's real properties, and it has ceased engaging in any communications (written or oral) with third parties regarding properties that are not referenced in the Superseding Indictment. (*See* Dkt. 93 at 18-19; Dkt. 76 at 6 ("Again, the government acknowledges that, at the present time, there are no pre-trial restraints issued pursuant to 21 U.S.C. § 853(e) on any Morgan owned/managed properties (indicted and unindicted).")).

In support of its motion, Defendant relies upon the All Writs Act which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act empowers a federal court to "avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 173 (1977) (quotation omitted). The Second Circuit reviews a "district court's grant of an injunction under the All Writs Act for abuse of discretion." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 266 F.3d 45, 49 (2d Cir. 2001).

In addition, Defendant relies on the Court's inherent authority. Case law acknowledges that a court has certain inherent power regarding the conduct of proceedings before it. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "This inherent power generally extends only to a court's management of its own affairs: to impose

decorum, to maintain order, to control admission to the bar, to discipline attorneys, to punish for contempt, and to vacate its own judgments if tainted by fraud." *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 267 (2d Cir. 2007). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Defendant seeks relief from the Court that is *sui generis*—he has not cited a case in which any other court has granted similar relief, nor does he contend that such a case exists. Moreover, the relief that he seeks is broad. Accordingly, caution is required by the Court.

Particularly with the further representations by the Government as noted above about the lack of restraints, the Court concludes that it would not be appropriate to issue an order "confirming" that fact, which is apparent from the record, that there are currently no pretrial restraints on any of Defendant's real properties. While it does appear that the Government has used imprecise language in certain of its communications with third parties (for example, "approving" or "opposing" particular sales), Defendant has not presented any evidence to the Court that the Government has told any third party that a pretrial restraint exists (as opposed to making suggestions to third parties as to ways to protect against potential future criminal or civil litigation). To the contrary, the Government's papers in opposition confirm that they agree there are currently no legal restraints on Defendant's ability to sell, transfer, or otherwise dispose of his real property holdings.

Under these circumstances, the relief sought by Defendant would arguably be an impermissible advisory opinion by the Court, stating a proposition about which the parties do not disagree. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (explaining that "federal

courts . . . do not render advisory opinions" or answer abstract questions); *Mears v. Montgomery*, 566 F. App'x 17 (2d Cir. 2014) (affirming district court's denial of motion asking it to explain the terms of an injunction on the basis that to do so would constitute an impermissible advisory opinion). The Government's use of imprecise language in some of its communications with third parties, while unfortunate, is not enough to create an actual controversy in which the Court needs to become involved, and the Government has voluntarily agreed to cease discussing matters related to properties not referenced in the Superseding Indictment.

## **CONCLUSION**

For the foregoing reasons and for the reasons stated on the record on July 22, 2019, Defendant's motion (Dkt. 64) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 5, 2019
      Rochester, New York