UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                                      :

  UNITED STATES OF AMERICA,               :

                                                                       :

v.                                                                         :

ROBERT C. MORGAN, et al.,               :        18-CR-108-EAW

                                                                       :

                              *Defendants.*        :

                                                                       :

-----------------------------------------------------------x

## DECLARATION OF JOEL M. COHEN

I, Joel M. Cohen, pursuant to 28 U.S.C. § 1746, declare and state as follows:

I make this declaration in further support of Defendant Robert C. Morgan's Renewed Motion for Discovery Regarding the Government's Privilege Review.  I have personal knowledge of the facts set forth in this Declaration except where otherwise noted.

I am a member of the bar of the State of New York.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and represent Mr. Morgan in the above-entitled criminal proceeding.

1.       On December 6, 2018, the government provided Mr. Morgan with 200,944 documents seized pursuant to the May 14, 2018 search warrants executed at Morgan Management, LLC and Frontier Cybercenter that the government's filter team identified as non-privileged.  Dkt. 326 at 1.

2.       On January 2, 2020, in accordance with a court order, Mr. Penrose emailed me copies of the May 2018 search warrants, applications, and inventories.  In his cover email, he

explained that the government did not receive records in response to its search warrant to Microsoft Corporation.

3. My colleagues at Gibson Dunn reviewed the 200,944 non-privileged documents produced by the government for Mr. Morgan's privilege and privileges held by entities that Mr. Morgan controls and/or has an ownership interest in (the "Morgan Entities").

4. At the March 10, 2020 conference regarding the government's privilege review and discovery, Mr. Penrose informed the Court that "non-lawyers, most were agents" conducted the privilege review. Dkt. 322-13 at 40:3–8 (March 10, 2020 Hr'g Tr.).

5. After the conference, the Court ordered the government to produce Todd Morgan's iPhone records "by no later than March 17, 2020." Dkt. 280. On April 3, 2020, the government produced 425,000 documents from Todd Morgan's iPhone to Mr. Morgan that the government's filter team identified as non-privileged. A true and correct copy of the letter from Mr. Penrose is attached hereto as Exhibit A.

6. In April 2020, Gibson Dunn completed its review of 200,944 non-privileged documents that the government's filter team had previously determined were not privileged. Dkt. 306. From the 200,944 documents, Gibson Dunn determined that 117,399 documents are privileged including, 26,254 documents that appear presumptively privileged because, according to the header information, they are all communications between Mr. Morgan and/or an employee of one of his entities and an attorney, with no third party copied. *Id.* at 2. Gibson Dunn agreed that the remaining 83,565 documents were not privileged and produced the documents to the government's investigation team on a rolling basis. *Id.* at 1–2.

7. Gibson Dunn's review revealed that the government filter team made errors in its privilege determinations for approximately 58% of the 200,944 documents. *Id.* at 2 (117,399

2

documents identified as privileged by Gibson Dunn out of the 200,944 determined not privileged by the government's filter team).

8. On May 14, 2020, the government requested that Mr. Morgan complete his privilege review of 26,254 documents that appear to be presumptively privileged and the 425,000 documents from Todd Morgan's iPhone and prepare a privilege log for all documents that Mr. Morgan asserts privilege over. Dkt. 326.

9. At the May 29, 2020 conference, the Court stated that it intended to hear arguments related to the issue of Todd Morgan's iPhone, further privilege review, and a privilege log at oral argument scheduled for June 22, 2020. A true and correct copy of the May 29, 2020 conference transcript is attached hereto as Exhibit B.

10. While discussing the privilege review at the May 29, 2020 conference, Mr. Penrose suggested that Mr. Morgan provide examples of categories of privileged documents to the government, in order to facilitate "reasonable discussions" about the differences between Mr. Morgan's and the government's privilege determinations. Exhibit B at 33:9–14. On the privilege log issue, Mr. Penrose admitted that, "I think certainly it's the case that a privilege – a sort of typical civil litigation privilege log for 200,000 documents probably isn't necessary." *Id.*

11. In response to Mr. Penrose's suggestion and in order to identify representative privilege issues to engage a discussion with the government, I sent a letter to AUSA Kathryn Smith on June 9, 2020. A true and correct copy of the letter is attached hereto as Exhibit C.[1] In this letter, I attached a dozen examples of privileged documents that represented six categories of privilege documents. The categories were: (1) communications between Mr. Morgan, as

---

[1] Exhibit C is a true and correct copy of my letter with redactions and without accompanying exhibits. Simultaneously with this motion, Mr. Morgan has also filed a motion requesting that the letter without redactions and with exhibits be filed under seal.

manager and owner of an LLC, and the LLC's counsel made for the purpose of obtaining and providing legal advice; (2) attorney-client communications about real estate properties managed by Morgan Management that include employees of Morgan Management; (3) attorney-client communications that include brokers acting on behalf of the LLCs; (4) attorney-client communications involving individuals who are part-owners of the LLC that holds the privilege; (5) common interest communications relating to the government's investigation of Morgan Management; and (6) communications between Mr. Morgan and his wife, which are protected by the spousal privilege. *Id.* at 3–5. I requested that the government "state its position or protocol" with respect to these five categories and renewed Mr. Morgan's request that the government provide information on the applicable protocol used to review these documents by June 12, 2020 in advance of the scheduled oral argument on June 22, 2020. *Id.* at 1, 6.

12. On June 16, 2020, Ms. Smith responded to my letter. A true and correct copy is attached hereto as Exhibit D. Ms. Smith did not state the government's position or protocol with respect to the five categories of privileged documents or provide the applicable protocol used to review the documents. *Id.*

13. The government's June 16, 2020 letter, as sent to Mr. Cohen, copied AUSA Douglas A.C. Penrose and the letter's file name is "Cohen letter 061620 DAP edits." A true and correct copy of Ms. Smith's email is attached hereto as Exhibit E.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 18th day of June 2020 at Ancramdale, New York.

                                                             */s/ Joel M. Cohen*
                                                             Joel M. Cohen