UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                              **DECISION AND ORDER**

ROBERT MORGAN,                                  1:18-CR-00108 EAW

Defendant.

---

# **INTRODUCTION**

Defendant Robert Morgan ("Morgan") has filed a motion for contempt (Dkt. 469) pursuant to this District's Local Rule of Civil Procedure 83.4 and the Court's inherent authority, related to the government's commencement of a civil forfeiture action shortly after the dismissal of the Superseding Indictment in this case on statutory speedy trial grounds. Morgan contends that the government's commencement of the civil forfeiture action violated the terms of two stipulated orders: (1) a Stipulated Order entered October 23, 2019 (Dkt. 132 (hereinafter "the October 2019 Stipulated Order"); and (2) a Stipulated Order entered February 21, 2020 (Dkt. 260 (hereinafter "the February 2020 Stipulated Order")). Because the standard for contempt has not been satisfied, the Court denies Morgan's motion.

## BACKGROUND

Morgan and certain co-defendants were charged by way of a 114-count Superseding Indictment returned by a federal grand jury on May 21, 2019, with a scheme spanning over a decade to defraud financial institutions and government-sponsored enterprises Freddie Mac and Fannie Mae in connection with the financing of multi-family residential apartment properties managed by Morgan Management, LLC, and owned by various limited liability companies controlled by Morgan, as well as a related insurance fraud scheme charged against Morgan and his son and co-defendant, Todd Morgan, spanning a more limited time period. (Dkt. 42). On October 8, 2020, the Court issued a Decision and Order dismissing the Superseding Indictment in the above-captioned matter without prejudice on the ground that the statutory speedy trial clock had expired.[1] Less than a week later, the government commenced a civil forfeiture action against joint venture units ("JV Units") and distributions held by Morgan and certain family members in the Morgan Properties King of Prussia Joint Venture LLC ("MP KofP JV LLC") traceable to four real properties that were contributed to MP KofP JV LLC. *See* Complaint, *United States v. Any and All Joint Venture Units and Distributions to Morgan Interest Holders Held in the Morgan Properties King of Prussia Joint Venture, Traceable to the Following Real Properties which were Contributed to such Joint Venture: 597 Collins Street, Avon, New York, known*

---

[1] A grand jury has since returned a new indictment against Morgan, Todd Morgan, and two other co-defendants. *See* Indictment, *United States v. Robert Morgan et al.*, No. 1:21-cr-00032-EAW, Dkt. 3 (W.D.N.Y. Mar. 2, 2021).

as Avon Commons, et al., No. 1:20-cv-01484-EAW,[2] Dkt. 1 (W.D.N.Y. Oct. 14, 2020). The four real properties had been named in forfeiture allegations in the now-dismissed Superseding Indictment and are as follows: (1) 597 Collins Street, Avon, New York, known as Avon Commons; (2) 10100 Kettlecreek Drive, Cranberry Township, Pennsylvania, known as Rochester Village Apartments at Park Place; (3) 2000 Pebbleview Drive, Victor, New York, known as the Villas of Victor; and (4) 1700 Patrick Place, South Park Township, Pennsylvania, known as Park Place of South Park (hereinafter collectively "the Four Properties").

Contemporaneously with the filing of the *Collins Street JV* Action, the government submitted to the Clerk of Court a blank arrest warrant in rem (*Collins Street JV* Action, Dkt. 1-2), which was completed by the Clerk of Court and returned to the United States Attorney's Office for the Western District of New York (hereinafter "USAO-WDNY") (Dkt. 491 at ¶¶ 7, 10; *see Collins Street JV* Action, Dkt. Entry dated 10/15/2020 & Dkt. 27-1). On October 21 and 22, 2020, the USAO-WDNY served the arrest warrant in rem on various parties including Morgan. (Dkt. 491 at ¶ 10; *see Collins Street JV* Action, Dkt. 6 & Dkt. 7).

At the same time that it obtained the arrest warrant in rem, on October 15, 2020, the USAO-WDNY emailed to the undersigned's chambers an *ex parte* application for a restraining order of the JV Units and distributions traceable to the Four Properties pursuant

---

[2]  Case No. 1:20-cv-01484-EAW is hereinafter referred to as the "*Collins Street JV* Action."

to 18 U.S.C. § 983(j)(1)(A).  (*See Collins Street JV* Action, Dkt. 3).  The next day, the undersigned denied the request for a restraining order without prejudice, reasoning that the government had not established that it would be proper for "this Court to provide *ex parte* relief with no showing of exigency and in the absence of a pending indictment, or that it would be proper to presume that probable cause from the now dismissed criminal matter would carry forward without restriction to any future civil matters involving the [Four] Properties."  (*Id.*, Dkt. 5 at 5).  The government never renewed that motion for a restraining order.  Instead, as noted above, on October 21 and 22, 2020, it served the arrest warrant in rem.

On October 29, 2020, Morgan filed the instant motion for an order of contempt. (Dkt. 469).  Morgan argues that the government's commencement of the *Collins Street JV* Action violated the October 2019 and February 2020 Stipulated Orders.  In October 2019, the parties entered into a stipulation that was filed in the above-captioned matter and so ordered by the Court. (Dkt. 132).  The purpose of the October 2019 Stipulated Order, along with a comparable Stipulated Order entered at the same time in a pending civil forfeiture action against certain real property (*see* Stipulation and Order, *United States of America v. 7405 Morgan Road, Liverpool, New York et al.* No. 1:19-cv-01157-EAW,[3] Dkt. 26 (W.D.N.Y. Oct. 24, 2019)), was to effectuate a transaction involving the contribution of properties (including the Four Properties) to MP KofP JV LLC.  (Dkt. 132 at ¶ 3).  The October 2019 Stipulated Order provided that the government would dismiss the forfeiture

---

[3]   Case No. 1:19-cv-01157 is hereinafter referred to as "the *7405 Morgan Road* Action."

allegations in the Superseding Indictment against the Four Properties, and the JV Units received in exchange for those properties[4] would instead be subject to the forfeiture allegations in the Superseding Indictment. (*Id*. at ¶¶ 30, 33). The JV Units could not be sold or transferred "during the pendency of the Criminal Action" subject to certain exceptions not relevant here. (*Id*. at ¶ 23). Morgan agreed not to transfer his JV Units obtained for the Four Properties "during the pendency of the Criminal Action or until further court order," and MP KofP JV LLC agreed not to permit any such transfers and that it would "cause the payment of all distributions issued in connection with the [JV Units for the Four Properties] . . . into an interest-bearing escrow account . . . during the pendency of the Criminal Action or until further court order." (*Id*. at ¶¶ 16, 17, 19, 20, 28). Morgan argues that pursuant to the terms of the October 2019 Stipulated Order, the government "expressly forwent pursuing civil forfeiture against the Joint Venture Units received in exchange" for the Four Properties. (Dkt. 469-1 at 8). Morgan bases this argument on paragraph 33, which, after setting forth his agreement to have the JV Units subject to the forfeiture allegations in the Superseding Indictment in place of the Four Properties, states as follows: "Criminal forfeiture procedures as set forth in Title 21, United States Code 853, shall govern any further forfeiture proceedings" for the JV Units. (Dkt. 469-1 at 8).

---

[4] To be specific, the October 2019 Stipulated Order stated that "Retained Units" would be the subject of the forfeiture allegations in lieu of the real properties. (Dkt. 132 at ¶ 33). "Retained Units" were defined under the terms of the October 2019 Stipulated Order as Class A Units equal in value to the Class A and Class B Units received for the particular real property at issue. (*Id*. at ¶¶ 16-21). In other words, Class B Units were not part of the proposed substituted property.

Morgan also relies on paragraph 31, which states that the government "shall not seek any civil, criminal or administrative forfeiture" of the Four Properties or any substitute property except for the JV Units and certain cash proceeds. (Dkt. 132 at ¶ 31).

In February 2020, Morgan and the government negotiated another stipulation which the Court so ordered. (Dkt. 260). The February 2020 Stipulated Order acknowledged that MP KofP JV LLC had acquired properties in which Morgan, his family members, and affiliated entities had an interest, including properties subject to forfeiture allegations in the Superseding Indictment, properties that were defendants *in rem* in the *7405 Morgan Road* Action, and "properties which were not at that time and are not currently subject to any forfeiture allegations" (defined as "Non-Forfeiture JV Properties"). (*Id*. at ¶ 6). The government agreed to identify by March 2, 2020, "no more than fifteen to twenty Non-Forfeiture JV Properties, against which the United States contemplates filing a forfeiture action against the JV Units received" and to commence any such civil forfeiture action against those JV Units on or before March 30, 2020. (*Id*. at ¶¶ 9, 10). The Stipulated Order provided that after March 30, 2020, the government "will not file any forfeiture action against any JV Units, including those identified" by the March 2, 2020 deadline. (*Id*. at ¶ 10). Morgan argues that the commencement of the *Collins Street JV* Action directly violated this provision, as it constitutes a civil forfeiture action commenced against JV Units after March 30, 2020. (Dkt. 469-1 at 13).[5]

---

[5] Morgan further argues that the government's pursuit of the cash distributions related to the JV Units identified in the *Collins Street JV* Action violates both the October 2019 Stipulated Order and the February 2020 Stipulated Order. (Dkt. 469-1 at 14).

The government opposes Morgan's contempt motion on the following grounds: (1) it is premature and the issues therein must be litigated in the context of the civil forfeiture action (Dkt. 476 at 10); (2) neither paragraph 31 nor paragraph 33 of the October 2019 Stipulated Order prohibited commencement of the *Collins Street JV* Action (*id*. at 10-12); and (3) while acknowledging that paragraph 10 of the February 2020 Stipulated Order says what it says, the government contends that "given the stated purpose of the [February 2020 Stipulated Order] and viewing the structure and language of the stipulation as a whole, paragraph 10 cannot be read to preclude the [*Collins Street JV* Action]" (*id*. at 12-16).

Morgan filed reply papers in further support of his motion (Dkt. 477), and on November 24, 2020, oral argument was held before the undersigned, at which time the Court reserved decision. (Dkt. 478; Dkt. 482). Thereafter, because of questions that the Court had with respect to both this pending motion and various motions for the return of property filed by Morgan and other parties in *United States of America v. Any and All Joint Venture Units of Morgan Interest Holders Held in the Morgan King of Prussia Joint Venture, Traceable to the Following Real Properties Which Were Contributed to Such Joint Venture: 5111 Ball Road, Syracuse, New York, known as High Acres Apartments, et al.*, Case No. 1:20-CV-00334 EAW (hereinafter "the *5111 Ball Road JV* Action"), a status conference was held on January 6, 2021, during which the Court requested further briefing from the parties. (Dkt. 483; Dkt. 485). Among other issues raised by the Court were the arrest warrants in rem issued in the *5111 Ball Road JV* Action and the *Collins Street JV* Action. Before the conference, the Court had issued a Text Order on December 21, 2020, in the *5111 Ball Road JV* Action, requiring the government to explain the basis for its

position that the arrest warrant in rem was properly issued by the Clerk, in view of the fact that Supplemental Admiralty and Maritime Claims Rule G(3)(b)(ii), requires a court—not a clerk—to issue an arrest warrant in rem on a finding of probable cause where property is not in the possession, custody or control of the government. (*See 5111 Ball Road JV* Action, Dkt. 139). The government responded on December 28, 2020, indicating that "[i]n hindsight" the arrest warrant in rem was "not necessary" but it nonetheless served "a useful purpose, as it operated to inform the MP KofP JV LLC and all parties that the action had been filed and informed the parties [of] certain filing deadlines." (*Id*., Dkt. 142 at 5 n.1).

Morgan submitted the requested supplemental briefing on February 12, 2021, addressing the Court's specific questions. (Dkt. 492). The government submitted further briefing, answering some but not all of the questions as requested by the Court. The government submitted an affidavit from Assistant United States Attorney ("AUSA") Joseph J. Karaszewski, Chief of the USAO-WDNY Asset Recovery Division, wherein he outlines certain steps that the USAO-WDNY had taken that allegedly mooted the various pending motions, including the motion for contempt. (Dkt. 491). Specifically, on the day its supplemental briefing was due, the government voluntarily discontinued the *Collins Street JV* Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (*Id*. at ¶ 2; *see Collins Street JV* Action, Dkt. 25). AUSA Karaszewski also addresses the questions raised by the Court concerning the arrest warrants in rem issued in both the *Collins Street JV* Action and the *5111 Ball Road JV* Action, and while conceding that it was improper for the USAO-WDNY to request an arrest warrant in rem in each case, he denies that it was anything more than an inadvertent error because of the fact that most non-real property

over which the USAO-WDNY pursues civil forfeiture is in the possession, custody or control of the government, and that it was not undertaken to deceive the Court or counsel. (Dkt. 491 at ¶¶ 7, 9-11).

In accordance with the schedule set by the Court, each party filed a response to the opposing party's supplemental submission on February 26, 2021. The government reiterates its position that the arrest warrant in rem obtained in the *Collins Street JV* Action was an inadvertent error, and that the government's voluntary dismissal of that litigation rendered the contempt motion moot. (Dkt. 493 at 3-4). In Morgan's response, he argues that the dismissal of the *Collins Street JV* Action is insufficient to cure the government's breach of the Stipulated Orders because "the government refuses to commit not to seek restraint of the same property interests in the future."[6] (Dkt. 494 at 2). Morgan expresses concerns that "in light of the government's long history of extralegal conduct going back to the spring of 2019," it will engage in future restraints of his property interests in violation of the Stipulated Order. (*Id*. at 4). Morgan also argues that the government's conduct with respect to obtaining and serving the arrest warrant in rem further supports a finding of contempt. (*Id*. at 2). Morgan further argues that the government has not clarified whether "the property interests that were subject to the [*Collins Street JV*] Action are currently subject to restraint" (*id*. at 4), although he attaches an email to his reply wherein AUSA

---

[6] In his response, Morgan requests an opportunity to submit "a sur-reply or other briefing" in the event that the Court is inclined to dismiss the contempt motion as moot. (Dkt. 494 at 2 n.2 & 5 n.7). Because the Court is reaching the merits of the contempt motion and not dismissing it on mootness grounds, it has not requested nor needed further briefing from the parties.

Karaszewski stated: "On February 12, 2021, the government sent a letter to General Counsel for Morgan Properties, advising that the government had filed a Notice of Voluntary Dismissal in 20-CV-1484, and stating that any and all JV Units and cash distributions named in that complaint may be released" (Dkt. 494-2 at 2).

## ANALYSIS

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Williams v. Lutheran Med. Ctr.*, 776 F. App'x 730, 730-31 (2d Cir. 2019) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). "The contempt power serves to 'protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)) (alterations in original). Although a violation of a court order need not be willful in order to constitute a contempt, the order violated must be "clear and unambiguous," the proof of non-compliance must be "clear and convincing," and it must be established that "the contemnor was not reasonably diligent in attempting to comply." *E.E.O.C. v. Loc. 638*, 81 F.3d 1162, 1171 (2d Cir. 1996); *see also M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, No. 20-1332-CV, ___ F. App'x ___, 2021 WL 1166037, at *1 (2d Cir. Mar. 29, 2021) (affirming contempt order and award of $231,441 in attorneys' fees for party's repeated failure to comply with court-ordered subpoena). Although an appellate court reviews a district court's findings of contempt under an abuse of discretion standard, its review is "more rigorous" than the typical abuse-of-discretion review "because the power of a district court to impose contempt liability is carefully limited. . . ." *Id.*; *see Chevron*

*Corp. v. Donziger*, 990 F.3d 191, 202 (2d Cir. 2021) ("We review a district court's contempt finding for abuse of discretion, though our review is 'more exacting' than that standard typically connotes.").

The Court agrees with Morgan that commencement of the *Collins Street JV* Action was in contravention of the February 2020 Stipulated Order.[7] The language of the February 2020 Stipulated Order is straightforward—after March 30, 2020, the government would not "file any forfeiture action against any JV Units, including those identified as Future Forfeiture JV Units." (Dkt. 260 at ¶ 10). The Court understands the government's point that the impetus for the February 2020 Stipulated Order was not to protect against a forfeiture action directed to property that was already the subject of forfeiture allegations, as in the case of JV Units traceable to the Four Properties. But as Morgan points out, the motion to dismiss the Superseding Indictment was pending at the time the February 2020 Stipulated Order was negotiated, and if the government wanted to carve out an exception to property that was already the subject of forfeiture allegations, it could have done so.

---

[7] The Court does not agree that the October 2019 Stipulated Order prevented the filing of the *Collins Street JV* Action. Suggesting that the criminal forfeiture procedures set forth in 21 U.S.C. § 853 would govern the future forfeiture proceedings related to the JV Units that were supposed to be substituted for the real property named in the forfeiture allegations in the Superseding Indictment, as provided in paragraph 33 of the 2019 Stipulated Order, is not the same thing as stating that those JV Units could not be pursued in any future civil forfeiture action. And paragraph 31 simply means that only the JV Units and certain cash proceeds held in escrow could be pursued through forfeiture, as opposed to the real properties themselves or any other substitute property. In fact, paragraph 31 appears to expressly recognize that a civil forfeiture proceeding could be pursued against the JV Units—thus further supporting the conclusion that paragraph 33 did not suggest that any such forfeiture proceeding could only be pursued through criminal forfeiture proceedings.

Thus, the Court concludes that commencement of the *Collins Street JV* Action was not consistent with the terms of the February 2020 Stipulated Order. However, particularly given the purpose of the February 2020 Stipulated Order, the Court cannot conclude that it left "no doubt in the minds of those to whom it was addressed . . . precisely what acts are forbidden." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989)). In other words, whether a party is in contempt for violating a court order is not the same inquiry as whether a stipulation between the parties that was so ordered by a court should be interpreted in a particular manner. *See Donziger*, 990 F.3d at 212 n.11 (question is not what is the most reasonable interpretation of court order, but rather someone in the contemnor's position "could reasonably conclude that the sanctioned conduct was allowed"). The Court does not doubt that the government did not intend to relinquish its rights to pursue the Four Properties that were the subject of the forfeiture allegations in the Superseding Indictment when it negotiated the February 2020 Stipulated Order. But unfortunately for the government, it did not carve out that exception in the February 2020 Stipulated Order, which must be enforced according to its terms. However, under the circumstances, the Court understands why the government at least initially took the position that it could continue to pursue in the civil forfeiture context allegations that were contained in a Superseding Indictment that was dismissed without prejudice.

Moreover, the Court cannot conclude that the government has not been reasonably diligent in attempting to comply, particularly when after further questions were raised by the Court, it ultimately agreed to voluntarily discontinue the *Collins Street JV* Action.

Moreover, based on AUSA Karaszewski's representation to Morgan's counsel, the government has communicated to MP KofP JV LLC that "any and all JV Units and cash distributions" named in the *Collins Street JV* Action may be released. And while the Court is not finding that the contempt motion is moot because it understands that Morgan has sought as relief more than just dismissal of the *Collins Street JV* Action (*see, e.g.*, Dkt. 469-1 at 21 ("Morgan hereby requests that the Court enter an order enforcing the So-Ordered Stipulations, finding the government in contempt, and ordering the government to dismiss the complaint filed in the October Forfeiture Action, and/or any other relief the Court finds would compel the government to cure its contempt")), the reality is that dismissal of the *Collins Street JV* Action was the critical part of the relief sought through the contempt motion (*see* Dkt. 482 at 13 (Morgan's counsel suggesting at oral argument that among other things, the Court could "dismiss the contempt motion for a period of time allowing [the government] to withdraw the Complaint, and if they don't withdraw the Complaint, then your Honor revisits the contempt. We don't have a strong view about how your Honor does this.")).

The Court recognizes that Morgan has expressed concerns about the government's future compliance with the Stipulated Orders in view of the history here. But this contempt motion is not the proper forum in which to litigate hypothetical future violations of the Stipulated Orders. If such violation occurs, the issue may be brought to the Court's attention and appropriate relief may be sought at that time, and any prior violations of the Stipulated Orders may certainly be relevant in the event of any future violations. But the Court is not going to speculate at this juncture as to what may occur in the future. The

Stipulated Orders are enforceable orders of the Court and they will remain as such, and the Court does not need to grant any additional relief to make them more enforceable.

As a result, the Court concludes that finding the government in contempt is not warranted. To be clear, this conclusion should not be interpreted as an endorsement of the government's conduct, particularly with respect to the arrest warrants in rem. The government represents that obtaining the arrest warrants in rem was an inadvertent error and not meant to deceive the Court or the parties. But the undisputed facts are that the government improperly obtained the arrest warrants in rem, and then to further compound that error, *after* the Court had denied its *ex parte* application for a restraining order in the *Collins Street JV* Action, the government went ahead and served the improperly obtained arrest warrant in rem. Even according to the government's explanation as to the circumstances that led to this chain of events, the conduct was, at a minimum, extremely careless. Then, when the Court raised questions about the arrest warrants in rem, the government doubled down and claimed that they had served "a useful purpose." (*5111 Ball Road JV* Action, Dkt. 142 at 5 n.1). It was only with the filing of AUSA Karaszewski's affidavit on February 12, 2021, that the government finally conceded that it was improper for it to obtain the arrest warrants in rem.

No party who appears before the Court should improperly procure or use a legal document in this manner, but that expectation is particularly acute when it comes to attorneys representing the United States of America who are supposed to represent the public interest and pursue justice. In these roles, they wield an enormous amount of power and leverage. To be sure, the Court acknowledges that the forfeiture laws can generally be

complex, but Supplemental Rule G is quite simple about how a warrant can be obtained and from whom. And the USAO-WDNY has an entire division of its office devoted to asset forfeiture, thus leading one to reasonably conclude that the Assistant United States Attorneys who work in that division would at least have some level of familiarity with the requirements for obtaining a warrant. The Court, the parties, and the public have the right to expect those Assistant United States Attorneys to proceed with care and in compliance with lawful process. That did not occur here.

Nonetheless, because the *Collins Street JV* Action has been discontinued, and because the government has communicated with MP KofP JV LLC that it may release "any and all JV Units and cash distributions" named in that action, the Court sees no need for any further corrective action concerning the improperly issued arrest warrant in rem for the *Collins Street JV* Action.[8] To the extent Morgan argues that there are no assurances that the government may not make the same mistake in other cases involving other parties, AUSA Karaszewski has represented as Chief of the USAO-WDNY Asset Recovery Division that he has taken steps to ensure that this error will not occur in the future, and at least for now, the Court accepts that representation. Moreover, and in any event, this contempt motion is not the proper setting to address administrative steps that the USAO-WDNY should take with respect to other cases and other parties not related to the instant action.

---

[8] By contrast, the Court is ordering, via a Decision and Order entered contemporaneously herewith, certain corrective action with respect to the arrest warrant in rem issued and served in the *5111 Ball Road JV* Action, which is still pending.

## **CONCLUSION**

For the foregoing reasons, the motion for contempt (Dkt. 469) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 9, 2021
Rochester, New York